IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| SHEILA KAY JONES, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:15CV00339-JJV |
| CAROLYN W. COLVIN, Acting | * |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | |

**MEMORANDUM AND ORDER**

Plaintiff, Sheila Kay Jones, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff argues, *inter alia*, that this case should be remanded because the ALJ failed to properly determine her residual functional capacity. (Pl's. Br. 7-12.) After careful review of the record and pleadings, I agree with Plaintiff and find the case should be remanded for further development of the record.

Plaintiff has had longstanding issues resulting from an aneurism. For years, treating physician, Jason Merrick, M.D., has reported the debilitating effects of her aneurism. He says she has "a very significant deficit in her short term memory" (Tr. 378) and "has suffered with a very poor short term memory as well as some minor depression and personality changes." (Tr. 437, 510.) Dr. Merrick has also provided a detailed Multiple Impairment Questionnaire stating essentially the same thing. (Tr. 444-451.) As a treating physician, Dr. Merrick's opinions should be accorded substantial weight. *E.g., Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993); *Prince v. Bowen*, 894 F.2d 283, 285 (8th Cir. 1990). Additionally, Ron Faupel, Psy.D., performed a Mental Diagnostic Evaluation of Ms. Jones. (Tr. 365-67.) Dr. Faupel concluded Ms. Jones appeared limited in both "her ability to tolerate normal work related demands due to anxiety and low stress tolerance" and "her ability to sustain attention on tasks due to poor concentration." (Tr. 367.) The ALJ substantially discounted the findings of Dr. Merrick. And he really only considered those conclusions of Dr. Faupel that supported his determination that Ms. Jones was capable of performing sedentary work. And while

the Commissioner argues any mental limitations were accounted for with a conclusion that Ms. Jones was restricted to "simple, routine, and repetitive tasks and supervision that is simple, direct, and concrete," I find these restrictions fail to fully address and account for these documented limitations. Accordingly, the residual functional capacity assessment is flawed.

I find this case to be a close call because the ALJ has cited some valid reasons to discount Plaintiff's allegations. But medical questions remain about the impact of Plaintiff's aneurism. So, substantial evidence of record fails to support the ALJ's residual functional capacity determination given Plaintiff's mental limitations. Therefore, this case should be remanded to the Commissioner for further development of the record. On remand, the Commissioner should obtain further testing of Plaintiff's cognitive abilities and, if possible, obtain an independent medical expert's opinion as to the impact of her limitations with respect to memory and concentration.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 3rd day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE